IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CRAIG BAKKALA
ADC # 155500 PLAINTIFF

vs. CASE NO. 5:16-cv-00143 JMM-JTK

WENDY KELLEY, Director
Arkansas Department of Correction DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus be DISMISSED with prejudice.

Background and Procedural History

On August 5, 2013, Petitioner, Craig Bakkala, pleaded guilty in the Greene County Circuit Court to two counts of rape and one count of distributing, possessing, or viewing sexually explicit material involving a child. (DE #7 at Ex. 2) Petitioner was sentenced to concurrent terms of 420 months for each of the counts of rape and given a concurrent 240-month suspended imposition of sentence for the child pornography count. (*Id.* at Ex. 1) The prosecutor nolle prossed the two counts of second-degree sexual assault and the additional count of viewing child pornography as part of the plea agreement. (*Id.* at Ex. 3) The Amended Sentencing Order in this matter was filed on August, 27, 2013. (*Id.* at Ex. 1) On May 9, 2016, Petitioner filed his petition

for writ of habeas corpus in this Court claiming that his confession was coerced by the police in violation of his Fifth Amendment protections as well as ineffective assistance and "coercion" of counsel. (DE # 2) On June 3, 2016, Respondent filed her Response to Petition for Writ of Habeas Corpus. (DE # 7) In it, she argues the Petitioner's petition should be denied because his claims are time barred and procedurally defaulted. *Id.* Petitioner filed his Reply to Respondent's response on June 10, 2016, claiming his petition should not be time barred because 28 U.S.C.A § 2244(d)(2)[1] applies in this case. (DE #8)

In his petition, the Petitioner states he "attempted" to file a postconviction petition under Arkansas Rule of Criminal Procedure 37.1 in November 2013 and June 2014 in Greene County Circuit Court. (DE #2) The Greene County Circuit Clerk, however, has no record showing that the Petitioner filed or ever attempted to file a Rule 37 petition. Petitioner argues that the lack of such a record is the result of the circuit court's refusal to acknowledge his filings rather than his failure to file such documentation. (DE # 2 at 2)

On September 26, 2014, Petitioner filed a habeas corpus petition in the Lee County Circuit Court where he is incarcerated. The petition was based on two grounds: (1) ineffective assistance of counsel and (2) a coerced confession. (DE #7 at Ex. 4) The circuit court denied the petition due to the fact that none of the claims he raised were cognizable in state habeas proceedings. (DE #7 at Ex. 5) Petitioner appealed to the Arkansas Supreme Court and the opinion delivered on May 14, 2015, affirmed the circuit court's decision and held that appellant's claims for ineffective assistance of counsel, coerced confession, and errors during the plea proceedings were not claims cognizable in habeas proceedings; therefore, the Court found that

[1] The federal habeas statute provides for tolling of the one-year limitation period while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.A. § 2244(d)(2).

petitioner had failed to meet his burden of demonstrating a basis for the writ to issue. *Bakkala v. Hobbs*, 2015 Ark. 214 1-3. (per curiam)

Discussion

There exists a one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C.A. 2244(d)(1). The statute starts running from the date on which the judgment became final. *Id.* In this case, the Petitioner's Sentencing Order was entered on August 27, 2013. Therefore, the Petitioner had through September 26, 2014, to timely file his application. *See Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015) (holding the AEDPA's one-year limitation period begins to run from the date on which the thirty-day period in which to file an appeal expires, even for a criminal defendant who enters an unconditional guilty plea and generally has no right to appeal such plea).[2] Petitioner, however, did not file this petition until May 9, 2016, and therefore the petition is untimely.

There is also no reason to believe that equitable tolling would be appropriate. The United States Supreme Court has held a petitioner is entitled to equitable tolling of 28 U.S.C.A. 2244(d) only if he can show "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden rests solely on the petitioner to prove the grounds warranting equitable tolling and to satisfy the extraordinary circumstance test. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner does not cite any extraordinary circumstances which made it impossible for him to file a timely §2254 petition. Within his

[2] On August 2, 2013, Petitioner signed a Plea Statement in which he acknowledged that he understood the rights he was giving up by entering his guilty plea. (DE #7 at Ex. 2) Furthermore, the Petitioner acknowledged within his statement that he had been fully informed on all matter by his counsel and that he offered his plea of guilty "freely and voluntarily and of my own free will and accord." *Id.*

petition he states the untimeliness of his petition was partly due to his limited resources and lack of legal knowledge. (DE #2) Equitable tolling has been held inappropriate even in the case of an unrepresented petitioner alleging a lack of legal knowledge or legal resources, and therefore, tolling is certainly even less appropriate where the petitioner was represented by counsel. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). *See also, Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (holding that a Petitioner's misunderstanding of the Arkansas rules, statutes, and the time period set forth therein do not justify equitable tolling). The Court, therefore, finds equitable tolling of the one-year statute of limitations in section 2244(d)(1) is not appropriate in this case.

Petitioner argues that the one-year statute of limitations for filings his federal habeas petition was tolled by 28 U.S.C §2244(d)(2). The habeas statute provides for tolling while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," however, section 2244(d)(2) does not offer any relief to Petitioner. While the Petitioner claims he attempted to file a Rule 37 petition with the Greene County Circuit Court numerous times, the circuit clerk does not have any record showing that petitioner ever filed or attempted to file a Rule 37 petition. In his Reply, the Petitioner argues the lack of any such record is not indicative of him never attempting to do so, but instead, the failure of the Greene County Circuit Clerk's office to file his documentation. (DE #8) Additionally, Petitioner attached exhibits to his reply purporting to show his attempts to file for post-conviction relief, however, the Certificates of Service for the Rule 37 petitions only state that such documentation was sent to the prosecuting attorney for Greene County, Arkansas. *Id.* While the Petitioner states that copies were sent to the Greene County Circuit Clerk, there is simply no evidence to support this allegation. Whether or not these petitions were actually sent

by Petitioner or received by the Greene County, Arkansas prosecutor's office is unknown to this Court; however, it is undisputed that there is no record of any Rule 37 filings by the Petitioner in the appropriate county. It, therefore, cannot be said that a "properly filed application for State post-conviction" relief was filed. The Petitioner is correct that the statute of limitations was effectively tolled from September 26, 2014 until May 14, 2015 during the time in which he was seeking collateral review through his state habeas petition. The Petitioner's federal habeas petition, however, is still untimely even with the above-referenced period of time being tolled because in total more than a year passed before the application was filed with this Court.[3]

In addition to making a timely filing, a petitioner is required to exhaust all available avenues of relief in the state courts before the federal courts will consider a claim. 28 U.S.C. § 2254(b) & (c). A petitioner "must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo,* 959 F.2d 112, 115 (8th Cir.1992). Failure to do so will result in his claims being barred "unless [he] can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Harris v. Lockhart,* 948 F.2d 450, 452 (8th Cir.1991) (quoting *Coleman v. Thompson,* 501 U.S. 722, 749–50 (1991)).

Here, the Petitioner did not present his federal claims to the state courts of Arkansas in "a timely and procedurally correct manner." Arguably, Petitioner attempted to pursue his post-conviction rights; however, the only logical conclusion this Court can draw is that Petitioner's attempts to file a Rule 37 petition were done so improperly. On two separate occasions in 2014, in response to Petitioner's correspondence concerning his efforts to file a Rule 37 petition, the

---

[3] There exist no evidence of any filings by the Petitioner or any court proceedings which would effectively toll the one-year statute of limitations from September 26, 2013 through September 25, 2014 and May 15, 2015 through May 8, 2016.

Arkansas Supreme Court advised petitioner that if he was seeking an order to compel the Greene County Circuit Clerk to perform a duty, he was required to proceed in the circuit court with an appropriate pleading. (DE #8) The Petitioner never followed through with the Arkansas Supreme Court's directive. Petitioner's failure to do so may be the result of his pro se status or lack of legal knowledge, but neither of those excuse his failure to present his federal claims to the state court in a procedurally correct manner. This Court finds the Petitioner has not demonstrated any excusable cause for the default, and therefore, petitioner's claims are procedurally defaulted.

Conclusion

Petitioner's claims are time barred and procedurally defaulted, and therefore, his petition should be denied. Accordingly for the reasons set forth above, it is recommended that Petitioner's Petition for Writ of Habeas Corpus be DISMISSED with prejudice. It is further recommended that the District Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 20th day of July, 2016.

United States Magistrate Judge